## B. F. STROUD v. THE STATE.

1. In this appeal from a conviction of a misdemeanor, it is strongly intimated that separate recognizances must be taken from the defendant and his sureties, and that one joint recognizance of the defendant and his sureties will not do ; but in the present case, more obvious defects in the recognizance are also urged as grounds on which the appeal is dismissed.

2. The recognizance bound the defendant " to abide the judgment of the Supreme Court, at its next term, to be held at Austin, upon the charge against him preferred by the bill of indictment in this cause for unlawful gaming." *Held*, that the recognizance does not state the name of the offense with which the defendant was charged, nor does it appear from it that the defendant is accused of any offense against the laws of this State—the charge in the indictment being for playing cards in a house for retailing spirituous liquors.

APPEAL from Harrison.  Tried below before the Hon J. B. Williamson.

The facts are indicated in the head notes.

No brief for the appellant.

*J. G. Boyle*, Assistant Attorney General, for the State, moved to dismiss the appeal.

OGDEN, J.—Appellant was indicted, tried and convicted, for playing cards, and was fined ten dollars, and has appealed to this court for a revision of the judgment entered up against him.  The Attorney General moves to dismiss the case for the want of a sufficient recognizance, and under the authority of the oft repeated decisions of this court, we are bound to declare the recognizance in this case fatally defective.  The recognizance is not in accord-with the requisition of the statute, because the defendant and securities are bound in one joint recognizance, when the statute

apparently requires that principal and securities should be separately recognized. But this recognizance is more especially defective because it does not state the name of the offense with which the defendant is charged, and it does not appear from the recognizance that the defendant is accused of any offense against the laws of this State. These defects render the recognizance wholly worthless and without any binding force; and as this court has repeatedly decided that a good and binding recognizance was necessary to give this court jurisdiction, it is ordered that this case be dismissed for the want of a proper recognizance.

Dismissed.