### Jack Flynn v. The State.

#### No. 2922.   Decided October 12, 1904.

**Recognizance on Appeal—Corporation Court.**

Where an appeal has been prosecuted from a corporation court or justice court to the county court and there dismissed, and appeal prosecuted to the Court of Criminal Appeals, it is required among other essentials that the recognizance state the amount of punishment assessed against appellant in the corporation court.   Following Horton v. State, 4 Texas Ct. Rep., 895.

Appeal from the County Court of Lamar.   Tried below before Hon. John W. Love.

Appeal from a dismissal of appeal from a corporation court of the city of Paris.

No statement necessary.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted in the corporation court of the city of Paris, Lamar County, of violating an ordinance of the city of Paris and prosecutes an appeal.   The Assistant. Attorney-General has made a motion to dismiss the appeal on the alleged ground that the recognizance is defective, in that it does not state the amount

of the punishment assessed against appellant in the corporation court, where the conviction occurred, as prescribed in Horton v. State, 4 Texas Ct. Rep., 895. We have examined the recognizance in connection with the rule regulating recognizances, where an appeal has been prosecuted from a corporation court or justice court to the county court and there dismissed, and appeal prosecuted to this court, as laid down in Horton v. State, supra; and the defect here pointed out, comes clearly within the rule there prescribed. Besides other essentials, it is required that the appeal bond state the amount of punishment assessed against appellant in the corporation court. This the recognizance fails to do. The appeal is therefore dismissed.

*Dismissed.*