STATE v. CARL P. MATTSON.[1]

July 3, 1908.

Nos. 15,730—(30).

**Appeal Bond.**

A bond on appeal given under section 4018, R. L. 1905, conditioned that the defendant shall be and appear at the first general term of the district court, and shall not depart thence without leave duly granted, does not conform to the statutory requirements, and is void.

**Appeal from Justice Court.**

Section 3989, R. L. 1905, providing that "no appeal allowed by a justice shall be dismissed on account of there being no bond, or of the bond

[1] Reported in 117 N. W. 227.

given being defective or insufficient, if the appellant * * * shall execute a sufficient bond," etc., applies to appeals in civil actions only, and not to appeals from criminal proceedings.

Defendant was convicted in the municipal court of Renville of cutting a certain wire fence and fined $25 therefor. From the judgment of conviction he attempted to perfect an appeal to the district court for Renville county where Powers, J., granted the state's motion to dismiss the appeal on the ground that the appeal bond executed by defendant in municipal court was insufficient. Before the dismissal of the appeal defendant offered orally to file a new bond, which offer was refused. Defendant's motion during the stay of proceedings to set aside the order dismissing the appeal and for leave to file a new bond was denied and judgment of dismissal was entered in favor of the state. From these orders and judgment, defendant appealed. Affirmed.

*John J. Schoregge,* for appellant.

*Edward T. Young,* Attorney General, *Frank Murray,* County Attorney, and *Daly & Barnard,* for the state.

JAGGARD, J.

Defendant was arrested on July 6, 1907, found guilty, and fined by the municipal court of the city of Renville. Appeal to the district court was allowed by the trial court. At the next general term of the district court appellant moved to "dismiss the above-entitled action on the grounds that the municipal court * * * had not jurisdiction to hear, try, and determine the issues, or to pass sentence on the above-named defendant, on the grounds that the evidence had and received at the trial of the above-entitled action proved that the title and possession of real estate was involved." The state moved to dismiss on the ground that the appeal bond executed by the defendant in municipal court was insufficient, and that the district court had not acquired jurisdiction of the appeal. Its motion was granted. Before such appeal had been dismissed, however, the defendant "then and there, by and through his attorney, orally offered, but did not tender to the district court, to make, furnish, and file a new bond and recognizance in appeal in the above-entitled cause, containing each and every condition and requirement prescribed by law, and with good and sufficient sureties thereon." This offer was not accepted.

During stay of proceedings, defendant served his notice of motion, with affidavits and a copy of a new bond and recognizance thereto attached, praying the order of the district court to set aside and vacate its former order "dismissing the above-entitled appeal," and praying the order of court for leave to "reinstate said appeal and for leave to file a new bond and recognizance in appeal and for trial of said appeal." The motion was denied. Judgment of dismissal was entered. From these several orders and the judgment of dismissal appeal was taken to this court.

، Such a bond on appeal as is here involved is required to be conditioned that the defendant shall appear before the district court on the first day of the general term thereof next to be held in and for the same county, and abide the judgment of said court therein, and in the meantime to keep the peace and be of good behavior. Section 4018, R. L. 1905. The bond actually given in this case contained this condition, viz.: If the said defendant "shall personally be and appear at the first day of the general term of the district court of Renville county, to wit, on the 18th day of November, 1907, and shall not depart thence without leave duly granted, then this recognizance shall be void. * * *" The substance of the defect in the bond was that it did not contain the conditions that the defendant must abide the judgment of the said court therein, and in the meantime to keep the peace and be on good behavior. These were obviously essential conditions of the bond. It contained no language purporting to be equivalent to or a substitute for these requirements. The present is not a case of mere verbal imperfections, or immaterial variations or insignificant omissions. There was here such a failure of substantial compliance with statutory requirements as was essential to the jurisdiction of the district court. The appeal was therefore properly dismissed. Stephens v. People, 13 Ill. 131; Stroud v. State, 33 Tex. 650. And see Horton v. State, 43 Tex. Crim. R. 600, 68 S. W. 172; Flynn v. State, 47 Tex. Crim. R. 152, 82 S. W. 509; Gordon v. State (Tex. Crim. App.) 82 S. W. 1037.

The trial court did not err in denying the motion of appellant for leave to file a new bond. The record does not disclose any formal order overruling any motion made at the time of actual tender of a new bond. The formal motion to file a new bond was made some months

105 M.—5

afterwards. The application was made under section 3989, R. L. 1905, which reads as follows: "No appeal allowed by a justice shall be dismissed on account of there being no bond, or of the bond given being defective or insufficient, if the appellant, before the motion to dismiss is determined, shall execute a sufficient bond, approved by the judge of the district court, and pay all costs incurred by reason of such default or omission." Chapter 75, R. L. 1905, relating to courts of justices of the peace, contains two series of enactments as to appeals, viz.: (1) Sections 3981–3994, which relate solely and exclusively to civil proceedings; (2) sections 4018–4023, relating exclusively to criminal proceedings. Necessarily section 3989 does not relate to criminal proceedings.

It was obviously necessary and proper that before the court heard defendant's motion for leave to file a new bond it should first determine whether it had any jurisdiction in the premises; that is, that it should have heard and decided the motion of the state before the motion of the defendant. It follows that the record discloses no error.

Affirmed.