STATE v. CARL P. MATTSON.[1]

July 24, 1908.

Nos. 15,729—(29).

**Criminal Proceedings—Appeal Bond.**

A bond on appeal, which does not contain the condition that the de-fendant "abide the judgment of said court" to which the appeal was tak-en, fails to conform to the requirements of section 4018, R. L. 1905.

Defendant having been convicted in the municipal court of Renville of the crime of aiming a pistol at Otto Smith, a fine of $25 and costs was imposed and it was ordered that in default of payment defendant be committed to the common jail until the fine was paid, but not to exceed thirty days. From this judgment, defendant appealed on ques-tions of law alone to the district court of Renville county. In the dis-trict court the defendant moved to dismiss the action and the plaintiff moved to dismiss the appeal. The court, Powers, J., ruled that the motion to dismiss the appeal took precedence of the prior motion of defendant and must be granted, and judgment of dismissal was enter-ed. From the orders and judgment of dismissal, defendant appealed. Affirmed.

*John J. Schoregge,* for appellant.

*E. T. Young,* Attorney General, and *Frank Murray,* County Attor-ney, for the state.

JAGGARD, J.

The defendant, arrested on a warrant issued by the municipal court of the city of Renville, was found guilty and fined. Thereafter de-fendant filed a bond and recognizance on appeal, with due notice of appeal. The district court granted a motion of the state to dismiss the appeal because of the insufficiency of the bond.

The bond was conditioned that if the defendant should personally appear and prosecute the appeal with effect at a named term of the district court, to answer said appeal, and in the meantime to keep the peace, and not to depart thence without leave duly granted, etc. This

[1] Reported in 117 N. W. 503.

bond did not contain the requirement of section 4018, R. L. 1905, that the defendant abide the judgment of the court to which the appeal was taken. This defect was substantial and material.

The other questions raised on appeal were determined adversely to the defendant in State v. Mattson, supra, page 63, 117 N. W. 227.

Affirmed.