STATE v. OSCAR T. JOHNSON.[1]

April 30, 1954.

Nos. 36,256, 36,257.

*William M. Sutor,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Lowell J. Grady,* Assistant Attorney General, and *Russell L. Frazee,* County Attorney, for the State.

KNUTSON, JUSTICE.

Defendant was charged by separate complaints with violation of M. S. A. 29.045 and 29.046. The two offenses charged are separate and distinct. The cases came on for trial before a justice of the peace and a jury and were consolidated for trial by consent of the parties. The jury found defendant guilty of both offenses. Sentence was imposed requiring the payment of a fine and costs in each case.

Thereafter, defendant attempted to appeal to the district court from both convictions. He filed only one notice of appeal and one

[1]Reported in 64 N. W. (2d) 145.

bond. The clerk of the district court is named as obligee in the bond. The condition of the bond is that defendant shall "prosecute his appeal with effect, and abide the order of the Court therein" and that in the meantime defendant will keep the peace and be of good behavior. The sureties on the bond did not justify. Defendant did not procure the approval of the bond by the justice of the peace.

On motion of the state the district court dismissed the appeal. Defendant thereafter moved the court for an order vacating the judgment and order of dismissal, which was denied. He now appeals to this court (1) from the judgment and sentence of the justice of the peace; (2) from the order of the district court dismissing the appeal to the district court; (3) from the order of the district court denying his motion to vacate the judgment and order of dismissal; and (4) "from the criminal charge, judgment, orders, and all records and proceedings arising and related to 29.045 M. S. A."

The state questions the appealability of any judgment or order mentioned in defendant's notice of appeal. We need not determine whether any order or judgment from which defendant has attempted to appeal is appealable. M. S. A. 633.20 contains the statutory requirements for a bond on appeal from a justice of the peace to the district court in a criminal case. It reads:

"Any person convicted of a criminal offense by a justice may appeal to the district court upon complying with the following requisites within ten days thereafter:

"(1) The person so appealing shall enter into a recognizance, with sufficient surety, to be approved by the justice, conditioned to appear before the district court on the first day of the general term thereof next to be held in and for the same county, and abide the judgment of such court therein, and in the meantime to keep the peace and be of good behavior;"

While there are contra authorities,[2] under our statute it is the duty of the defendant to procure the approval of the justice of the peace,

---

[2]See, Annotation, 117 A. L. R. 1389; 3 Am. Jur., Appeal and Error, § 500; 31 Am. Jur., Justices of the Peace, § 120.

and his failure to do so in a criminal case is jurisdictional. State v. Johanson, 169 Minn. 272, 211 N. W. 5. Substantial compliance with the statutory requirements respecting the conditions of the bond is also a jurisdictional prerequisite to an effective appeal. State v. Mattson, 105 Minn. 63, 117 N. W. 227; State v. Mattson, 105 Minn. 164, 117 N. W. 503; 10 Dunnell, Dig. (3 ed.) § 5349. The bond being insufficient, the district court did not acquire jurisdiction, and it properly dismissed the appeal. Its order and judgment in so doing being correct, the appeal here must fail.

In view of our decision on this vital issue, we need not determine the many other irregularities urged by the state.

Affirmed.