## STATE v. HARRY F. LINDQUIST.

93 N. W. (2d) 521.

December 5, 1958—No. 37,495.

*Stanley J. Mosio,* for appellant.

*Charles A. Sawyer,* City Attorney, and *Milton Gershin,* Assistant City Attorney, for respondent.

PER CURIAM.

This is an appeal from the municipal court of the city of Minneapolis. It appears from the files and record before us that the defendant was convicted on June 5, 1957, of having operated a vehicle "carelessly and heedlessly in disregard of the rights and safety of others and so as to endanger persons and property" in violation of Minneapolis City Charter and Ordinances (Perm. ed.) 9:1-301. The court imposed a sentence requiring payment of a $100 fine or a term of imprisonment not exceeding 30 days. Numerous stays of execution of sentence were granted, the last of which was on January 10, 1958, by which the defendant was granted a stay of execution to May 29, 1958.

The file contains a notice of appeal from "the order" of the municipal court entered June 5, 1957, rather than from the judgment of convic-

tion which was entered on that date. The notice of appeal is dated October 14, 1957. It was filed on January 10, 1958, and the endorsement of the city attorney shows that personal service was admitted on the same date. The city attorney asks that the appeal be dismissed on the ground that it was not timely and consequently this court is without jurisdiction of the matter.

■ Appeals from the municipal court to the supreme court are taken in the same manner "upon like proceedings and with like effect as from district courts." 27 M. S. A. c. 488, Appendix 1, § 1, subd. 11. M. S. A. 632.01, which relates to removal of criminal cases to the supreme court, provides:

"Criminal cases may be removed by the defendant to the supreme court, by appeal or writ of error, at any time within six months after judgment, or after the decision of a motion denying a new trial; but, if the order denying a new trial be affirmed upon hearing upon the merits, no appeal shall be allowed from the judgment."

In the case before us the statutory period of time for taking the appeal commenced June 5, 1957; it expired December 5, 1957. The appellant's notice of appeal was filed on January 10, 1958. Since the notice was not filed within the time provided by statute, the appeal must be dismissed for want of jurisdiction. State v. Alm, 246 Minn. 568, 75 N. W. (2d) 212; State v. Besse, 160 Minn. 533, 200 N. W. 356; State v. Newman, 188 Minn. 461, 247 N. W. 576.

■ The stay of execution of sentence did not extend the time for taking the appeal. The sentence in a criminal case is the judgment from which the appeal must be taken within the time provided by law. The stay of execution of sentence does not in any manner affect the finality of the judgment. 5 Dunnell, Dig. (3 ed.) § 2487(d).

Appeal dismissed.