## CITY OF ST. PAUL v. EDWARD H. SUTHERLAND.

132 N. W. (2d) 280.

December 31, 1964—No. 39,707.

*John S. Connolly,* for relator.

*Stephen L. Maxwell,* Corporation Counsel, and *Daniel A. Klas,* Assistant Corporation Counsel, for respondent.

PER CURIAM.

This matter is before the court on an alternative writ of mandamus requiring the municipal court of the city of St. Paul to show cause why it should not approve the bond required by Minn. St. 633.20 on defendant's appeal to the District Court of Ramsey County from a judgment of conviction for disorderly conduct in violation of a city ordinance.

Defendant was found guilty by the municipal court on September 15, 1964, and was sentenced on October 15, 1964. A notice of appeal to the district court was served and filed on October 22, 1964. The ques-

tion is whether under existing statutes the 10-day period within which to appeal began to run on the date when defendant was *convicted* or on the date when he was *sentenced.*

Minn. St. 488A.18, subd. 12, which governs appeals to the district court from the municipal court of the city of St. Paul, provides as follows:

"All causes may be removed from the municipal court to the supreme court of the state of Minnesota in the same manner, upon like proceedings and with like effect as from district court. However, in the case of a conviction for violation of an ordinance, appeal may be made to the district court whereupon the defendant shall be entitled to a trial de novo therein, with or without a jury, but otherwise with all the rights and *subject to the procedures prescribed by Minnesota Statutes, Section 488.20.*" (Italics supplied.)

Section 488.20 contains the following language:

"Appeals may be taken to the district court of the county from the judgments of municipal courts in the same cases, upon the same procedure, and with the same effect as provided by law *respecting appeals from justice courts,* and all laws relating to such last named appeals shall be adapted and applied to appeals from the municipal courts. *The time for appeal shall not start to run until the judgment has been perfected,* the costs taxed, and notice of entry of judgment served upon the adverse party. On appeal to district court the appellant shall not be entitled to a trial by jury if trial by jury was held in municipal court." (Italics supplied.)

Procedure for appeals from justice court to district court referred to in § 488.20 are governed by § 633.20 as follows:

"Any person convicted of a criminal offense by a justice, whether on a plea of guilty or on a plea of not guilty, and whether or not the fine has been paid, may appeal to the district court *within ten days after the conviction* * * *." (Italics supplied.)

It is the contention of the city that the "conviction" referred to in § 633.20 is defined in L. 1963, c. 753, § 609.02, subd. 5, as the

finding of guilty by the court, which in the instant case occurred on September 15, 1964. The defendant, on the other hand, asserts that the provision in § 488.20 that the appeal shall not start to run until the judgment has been perfected requires a holding that his appeal was timely, since under our law the judgment from which an appeal may be taken is the sentence which is imposed. State v. Lindquist, 254 Minn. 28, 93 N. W. (2d) 521.

While we acknowledge there is an inconsistency in these two statutes, we are of the opinion that the explicit language of § 488.20, stating that the time for appeal shall not start to run until the judgment has been perfected, governs and prevails over the more remote reference to the date of conviction contained in § 633.20. These statutes are remedial in nature and should be liberally construed to avoid forfeiting the appeal rights they purport to confer. Stebbins v. Friend, Crosby & Co. 191 Minn. 561, 564, 254 N. W. 818, 820; Gelin v. Hollister, 222 Minn. 339, 345, 24 N. W. (2d) 496, 500, 168 A. L. R. 195.

Let peremptory writ of mandamus issue.