## STATE v. THEODORE LEE DAHM, JR.

144 N. W. (2d) 537.

June 24, 1966—No. 39,873.

*Nycklemoe, Nycklemoe & Nycklemoe,* for appellant.

*Robert W. Mattson,* Attorney General, and *Anthony C. Gospodar,* City Attorney, for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment dismissing defendant's appeal to the district court from a conviction in probate court for the offense of driving a motor vehicle after revocation of license. Minn. St. 171.24. The notice of appeal had been duly served and filed, and cash in the sum of $200 had been deposited with a bond, which contained the following undertaking:

"Now THEREFORE, if the said [appellant] shall personally appear and be before the said District Court in and for said county at the general term thereof to be held on November 2, 1964, * * * and from day to day thereafter and shall not depart the Court without leave thereof granted, this bond shall become void otherwise it shall be and remain of full force and effect."

The trial court dismissed the appeal for want of jurisdiction on the theory that a proper bond, which is a prerequisite of appeal under Minn. St. 633.20, had not been filed. That statute, so far as applicable here, provides:

"Any person convicted of a criminal offense by a justice * * * may appeal to the district court within ten days after the conviction by:

"Entering into a recognizance, with sufficient surety, to be approved by the justice, conditioned to appear before the district court on the first day of the general term thereof next to be held in and for that county and to abide the judgment of the court therein, and in the meantime to keep the peace and be of good behavior."

The trial court was of the view that there was no statutory provision for the filing of a cash bond on appeal and that the bond was defective in that it failed to contain the jurisdictional undertaking by the appellant "to keep the peace and be of good behavior" pending determination of his appeal.

The trial court's decision is supported by State v. Mattson, 105 Minn. 63, 65, 117 N. W. 227, which states:

"* * * The bond actually given in this case contained this condition, viz.: If the said defendant 'shall personally be and appear at the first day of the general term of the district court of Renville county, to wit, on the 18th day of November, 1907, and shall not depart thence without leave duly granted, then this recognizance shall be void. * * *' The substance of the defect in the bond was that it did not contain the conditions that the defendant must abide the judgment of the said court therein, and in the meantime to keep the peace and be on good behavior. These were obviously essential conditions of the bond. It contained no language purporting to be equivalent to or a substitute for these requirements. The present is not a case of mere verbal imperfections, or immaterial variations or insignificant omissions. There was here such a failure of substantial compliance with statutory requirements as was essential to the jurisdiction of the district court. The appeal was therefore properly dismissed. [Citations omitted.]"

It appears from the provisions of § 633.20 that the legislature intended as a condition for appeal that the appellant enter into a recognizance, with sufficient surety, for his appearance in the district court but requires as well an affirmative undertaking to abide the judgment of the court and "in the meantime to keep the peace and be of good behavior." The bond on appeal requires something more than a deposit of money in an amount which would pay the anticipated fine in the event conviction is affirmed. It requires that the appellant specifically affirm that he will respect and obey the judgment of the court and obey the law while the appeal is pending. The statute makes no provision for a cash bond. The weight of authority holds that a deposit of money cannot be given in lieu of an undertaking or bond on appeal where the statute does not specifically authorize such a deposit. Annotation, 65 A. L. R. (2d) 1137.

The appellant deduces from certain other statutory provisions that the legislature has approved acceptance of cash bonds in other situations and argues that we should extend the practice to appellate procedures. The appellant refers to Minn. St. 629.53,[1] which relates to bailable of-

---

[1] Minn. St. 629.53 provides: "When at the close of an examination it shall appear that an offense has been committed, and that there is probable cause to believe the prisoner to be guilty, if the offense be bailable by the magis-

fenses in proceedings before a committing magistrate; § 633.06,[2] which provides for bail for appearance before a justice of the peace; and § 633.38, which provides that cash may be accepted in lieu of bond "[i]n all cases" brought before a justice of the peace where a bond is required. All of these statutes refer to proceedings before a committing magistrate, or trial proceedings before a justice of the peace or in municipal court or probate court exercising municipal court jurisdiction under Minn. St. 525.011,[3] as in the case before us.

---

trate, and the prisoner shall offer sufficient bail or money in lieu thereof, it shall be taken, and he shall be discharged; but if no sufficient bail be offered, or the offense shall not be bailable by the magistrate, he shall be committed for trial. When cash bail shall be deposited in lieu of other bail, such cash shall be the property of the accused, whether deposited by him personally or by any third person in his behalf. When cash bail shall be accepted by a judge of a court of record, he shall order the same to be deposited with the clerk, there to remain until the final disposition of the case and the further order of the court relative thereto. Upon release, in whole or in part, the amount so released shall be paid to the accused personally or upon his written order. In case of conviction the magistrate may order such deposit to be applied upon any fine imposed and, if such fine be less than the deposit, the balance shall be paid to the defendant. If the fine exceeds the deposit, the deposit shall be applied thereon and the defendant committed until the balance is paid, but such commitment shall not exceed one day's time for each dollar of such unpaid balance. Cash bail in the hands of the court or any officer thereof shall be exempt from garnishment or levy under attachment or execution."

[2] Minn. St. 633.06 provides: "From the time of the return of the warrant until the conclusion of the trial, the accused may give bail by depositing cash or bond with sufficient surety, for his appearance at the time fixed for the trial, and from time to time thereafter until discharged by law, or, in the event of failure to do so, he may be committed to jail for safe-keeping, by order of the justice, or left in the custody of the officer."

[3] Minn. St. 525.011 provides in part: "Subdivision 1. Except in counties having a city of the first class or in counties having a population of more than 30,000 according to the 1950 federal census, the probate court shall also exercise the powers, duties and jurisdiction conferred upon municipal courts by Minnesota Statutes, Chapter 488 or under any other law enacted in lieu thereof which provides for uniform powers, duties and jurisdiction of municipal courts."

We find no authorities cited by counsel for the appellant which would warrant a reversal. The fact that it may be more convenient for an appellant to deposit money in lieu of a written undertaking will not justify this court in holding that such a practice should be substituted for that provided for in the statute. Cressey v. Gierman, 7 Minn. 316 (398).

It is our function to declare the law as it exists and not to amend it. If a change is to be made in the appellate procedures from the probate or justice courts, that change should be made by the legislature.

Affirmed.