### STATE v. DENNIS E. FREITAG.

161 N. W. (2d) 530.

August 30, 1968—No. 41,588.

C. Paul Jones, State Public Defender, and Robert E. Oliphant, Assistant State Public Defender, for petitioner.

Keith M. Stidd, County Attorney, and Edward C. Vavreck, Assistant County Attorney, for respondent.

PER CURIAM.

Petitioner seeks a writ of mandamus ordering the clerk and the judges of the Hennepin County Municipal Court and the Hennepin County District Court to allow his appeal to the Hennepin County District Court from a judgment of conviction entered July 3, 1968, whereby petitioner was found guilty of lurking with intent to commit the crime of burglary contrary to Minneapolis Code of Ordinances, § 870.050, and sentenced to 90 days in the workhouse. The main purpose of the proceedings is to permit the appeal to be taken without the necessity of filing a bond upon the ground that petitioner is an indigent. The application for the writ of mandamus also seeks an order directing that defendant be released pending the trial in district court or, in the alternative, that a reasonable bail be set.

The problem arises because Minn. St. 633.20 and 633.21, made applicable to appeals from the Municipal Court of Hennepin County by §§ 488A.10, subd. 6, and 488.20, provide in effect that a person convicted of a criminal offense may appeal to the district court within 10 days after the conviction *if* he enters into an approved recognizance with sufficient surety conditioned to appear before the district court on the first day of the next general term thereof, to abide by the judgment of that court, and in the meantime to keep the peace and be of good behavior.

On July 9, 1968, a notice of appeal to the district court from the judgment of conviction here involved was submitted to the clerk of the Hennepin County Municipal Court for filing. It was rejected because of the petitioner's failure to file an approved recognizance as required by the statute, even though petitioner's notice of appeal was accompanied by an affidavit of indigency which, if true, establishes his financial inability to furnish the recognizance required either in the amount of $2,000, fixed by the municipal court judge who imposed sentence, or in any other amount. An application to the district court intended to secure the release of petitioner or, in the alternative, an order declaring that the notice of appeal gave jurisdiction to the district court notwithstanding the failure to file the recognizance specified was unavailing.

In the past, we have held that the bond specified by Minn. St. 633.20 is jurisdictional and that the refusal of the district court to consider an attempted appeal where an approved bond was not filed was proper. State v. Johnson, 242 Minn. 148, 64 N. W. (2d) 145. See, State v. Pierce, 257 Minn. 114, 100 N. W. (2d) 137; State v. Dahm, 274 Minn. 318, 144 N. W. (2d) 537. But we have not been called upon to consider the effect of the statutory bond requirement upon an appeal by a person financially unable to meet the requirements of this statute because of his poverty.

Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. ed. 891, decided April 23, 1956, and the later United States Supreme Court decisions of Burns

v. Ohio, 360 U. S. 252, 79 S. Ct. 1164, 3 L. ed. (2d) 1209; Smith v. Bennett, 365 U. S. 708, 81 S. Ct. 895, 6 L. ed. (2d) 39; and Lane v. Brown, 372 U. S. 477, 83 S. Ct. 768, 9 L. ed. (2d) 892, have established the proposition that the right to appeal afforded by state courts in criminal cases of serious consequence cannot be made contingent upon the capacity of the defendant to pay the costs involved in the process.[1] Although the United States Supreme Court has not specifically declared that this rule applies in situations where the maximum term of imprisonment is limited, we have held that the minimal requirements of due process of law as defined by the United States Supreme Court will be applied in Minnesota in all cases of a criminal nature where the punishment involved is imprisonment regardless of the term. State v. Paulick, 277 Minn. 140, 151 N. W. (2d) 591; note, also, State v. Borst, 278 Minn. 388, 154 N. W. (2d) 888; State v. Illingworth, 278 Minn. 434, 154 N. W. (2d) 687. Therefore, in accordance with the general principle that statutes must be construed in such a way as to yield a constitutional result if this is possible (see, State ex rel. Pearson v. Probate Court, 205 Minn. 545, 287 N. W. 297, affirmed, 309 U. S. 270, 60 S. Ct. 523, 84 L. ed. 744, 126 A. L. R. 530), we hold that any person convicted of a criminal offense punishable by imprisonment may perfect an appeal pursuant to Minn. St. 633.20 without the necessity of filing an approved recognizance if his notice of appeal is accompanied by an affidavit by the appellant averring that he is financially unable to meet this requirement of the statute. Service of such a notice of appeal, together with the affidavit of indigency, will be upon the county attorney in the manner specified by Minn. St. 633.20, and the county attorney may, if he contests the claim of indigency, move the district court for the county to which the appeal has been taken for an order requiring that a recognizance with approved surety be filed promptly, or, in the alternative, that the appeal be dismissed. Notice of such a motion will be given to the appealing defendant, of course, and the district court will then have jurisdiction to make the essential fact determination that will be needed with respect to the defendant's financial ability to provide the bond which the statute, read literally, now requires.

To say that a party appealing to the district court in a case such as this is entitled, if indigent, to have his appeal heard without the necessity of filing the statutory bond is not to say that he is entitled to be released from custody pending his appeal. There is no constitutional right to release on bail pending appeal. See, 8 Am. Jur. (2d) Bail and Recognizance, § 33. Whether an indigent person appealing from a municipal court conviction and a sentence of imprisonment should be released from custody pending trial in the district

---

[1] Note, also, Rinaldi v. Yeager, 384 U. S. 305, 86 S. Ct. 1497, 16 L. ed. (2d) 577, and Anders v. California, 386 U. S. 738, 87 S. Ct. 1396, 18 L. ed. (2d) 493.

court even though no appearance bond is or can be filed, is a matter to be determined by the district court to which the appeal has been perfected. And, in the exercise of its discretion in this area (see, 8 Am. Jur. [2d] Bail and Recognizance, § 44), it will properly consider, in addition to the factors enumerated in State v. Mastrian, 266 Minn. 58, 122 N. W. (2d) 621, certiorari denied, 375 U. S. 942, 84 S. Ct. 349, 11 L. ed. (2d) 274, and State v. Russell, 159 Minn. 290, 199 N. W. 750, the hazard that an appealing defendant sentenced to short-term imprisonment, if not released on bail pending determination of his appeal, may be compelled to serve the sentence imposed upon him before the district court has opportunity to consider the case on the merits (see, 8 Am. Jur. [2d] Bail and Recognizance, § 45).

Because of comments made in the briefs and at oral argument indicating the possibility that this defendant may be required to file a "cost bond" in addition to the recognizance specified in Minn. St. 633.20, we note that the right to appeal in cases such as this does not depend upon the filing of a cost bond, there being no such requirement in the relevant statutes.

The clerk of the Hennepin County Municipal Court is therefore directed to accept for filing the notice of appeal submitted on July 9, 1968, together with the affidavit of indigency which accompanied it. The appeal of the petitioner will be considered as having been perfected on that date with further proceedings in this matter to be conducted in the district court in conformity with this opinion.

Let a peremptory writ of mandamus issue accordingly.