STATE v. MAYVIS LORRAINE ETRHEIM.

193 N. W. 2d 631.

January 7, 1972—No. 42539.

*George A. Marshall, P. M. Meehl,* and *Irving J. Wiltrout,* for appellant.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Paul J. Tschida,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Defendant's appeal to the district court from a conviction for driving while under the influence of alcohol, entered in the criminal division of the Yellow Medicine County probate court, was dismissed because of a defective appeal bond. The only issue is whether the district court was deprived of jurisdiction. We hold that it was and affirm.

Minn. St. 633.20 requires that the bond be conditioned on defendant's appearing before the district court on the first day of the next general term. The bond which defendant filed failed to contain that provision. Defendant argues, however, that the condition was waived because the court some 4 months later advised counsel it would not be necessary for defendant to be personally present at the opening of the term.

We have held in a number of cases that the filing of a bond in strict compliance with the statute is jurisdictional.[1] Only where we have construed conflicting statutes[2] or were dealing with the constitutional rights of indigents[3] have we relaxed that rule. In the case at hand the

---

[1] State v. Mattson, 105 Minn. 63, 117 N. W. 227 (1908); State v. Johnson, 242 Minn. 148, 64 N. W. 2d 145 (1954); State v. Dahm, 274 Minn. 318, 144 N. W. 2d 537 (1966).

[2] City of St. Paul v. Sutherland, 270 Minn. 61, 132 N. W. 2d 280 (1964).

[3] State v. Freitag, 281 Minn. 573, 161 N. W. 2d 530 (1968).

defect in the bond was not corrected by the court's excusing defendant's appearance after the time for filing the bond had expired. Accordingly, the appeal was properly dismissed.

Affirmed.

