**CITY OF ST. PAUL, Respondent,**

v.

**Hugh Edward FLOWERS, Appellant.**

**No. 46814.**

Supreme Court of Minnesota.

June 10, 1977.

Connolly & Heffernan and John S. Connolly, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Wm. Randall, County Atty., Harriet Lansing, City Atty., Thomas R. Hughes, Asst. City Atty., St. Paul, for respondent.

PER CURIAM.

Defendant was found guilty by a Ramsey County Municipal Court judge, sitting without a jury, of an ordinance charge of simple assault, and was sentenced to a term of 60 days in the workhouse. Thereafter, defendant attempted to appeal the case to district court for a de novo trial, but the district court ruled that it did not have jurisdiction

because defendant had failed to comply with Minn.St. 633.20. Defendant appeals the district court's order, and we affirm.

Minn.St. 633.20 provides:

"Any person convicted of a criminal offense by a justice, whether on a plea of guilty or on a plea of not guilty, and whether or not the fine has been paid, may appeal to the district court within ten days after the conviction by:

"Entering into a recognizance, with sufficient surety, to be approved by the justice, conditioned to appear before the district court on the first day of the general term thereof next to be held in and for that county and to abide the judgment of the court therein, and in the meantime to keep the peace and be of good behavior;

"and by serving a notice upon the county attorney or, if there is no county attorney or he is absent from the county, upon the clerk of the district court specifying the grounds of the appeal as follows: That the appeal is taken upon questions of law alone or upon questions of law and fact."

We have held in numerous cases that failure to comply with this statute is jurisdictional. See, e. g., *State v. Etrheim*, 292 Minn. 439, 193 N.W.2d 631 (1972).

In *State v. Freitag*, 281 Minn. 573, 575, 161 N.W.2d 530, 532 (1968), we held that "any person convicted of a criminal offense punishable by imprisonment may perfect an appeal pursuant to Minn.St. 633.20 without the necessity of filing an approved recognizance if his notice of appeal is accompanied by an affidavit by the appellant averring that he is financially unable to meet this requirement of the statute. Service of such a notice of appeal, together with the affidavit of indigency, will be upon the county attorney in the manner specified by Minn.St. 633.20 * * *."

In this case, no affidavit of indigency was served upon the county attorney within 10 days after sentence. As *Freitag* makes clear, the affidavit of indigency, along with the notice of appeal, must be served upon the county attorney in the manner specified in § 633.20. As we held in *City of St. Paul v. Wiplinger*, 290 Minn. 53, 186 N.W.2d 540 (1971), timely service of the notice of appeal upon the county attorney is a jurisdictional prerequisite. The same rule applies to the affidavit of indigency.

Affirmed.

PLUNKETT, J., took no part in the consideration or decision of this case.