### STATE v. RALPH RUSSELL AND ANOTHER.[1]

June 2, 1914.

No. 24,281.

**Application to supreme court for admission to bail.**

Rule to govern application to supreme court to admit defendant to bail after trial court has denied such application. [Reporter.]

Application to be admitted to bail after conviction in the district court for Anoka county upon a charge of having possession of intoxicating liquor for sale. Application denied.

*Clifford L. Hilton*, Attorney General, and *James E. Markham*, Deputy Attorney General, for appellant.

*Joseph Cleary*, for defendants.

PER CURIAM.

This is an application by appellants to be admitted to bail after a conviction in the district court upon a criminal charge and a refusal by that court to stay execution of the judgment of conviction and its refusal to admit appellants to bail.

[1]Reported in 199 N. W. 750.

The application is accompanied by the affidavit of counsel who did not take part in the trial. His affidavit is to the effect that he is informed and believes that the record will show that the evidence was insufficient to sustain the verdict. A further claim, supported only by the affidavit referred to, is that the instructions to the jury were argumentative and erroneous in several particulars "and were given in the absence of the defendants' counsel and without giving him an opportunity of being present." The last statement is also made on information and belief. There must be something more than this to justify the allowance of the application.

The trial court, with knowledge of the record, presumably has passed upon the claims of error and irregularity here presented, and has refused to admit the appellants to bail. This court, without a record and without any information other than statements of counsel on information and belief, is not in a position to say that there is a reasonable doubt of the correctness and justice of the judgment given by the court below.

The following rule is announced for the benefit of counsel who may hereafter apply to this court, or to one of the justices, for the admission to bail of a defendant whose application to the trial court to have bail fixed has been denied:

1. Notice of the application must be given to the attorney general and to the attorney for the prosecution in the court below.

2. The application must be accompanied by the settled case or bill of exceptions, but, if the applicant, in the exercise of due diligence, has been unable to procure a transcript from the court reporter, the application may be based upon a verified petition specifying the grounds upon which the defendant relies for a reversal.

3. There must be a fair showing of apparent error or irregularity in the proceedings in the court below, to the substantial prejudice of the applicant.

The present application is denied, but with leave to the appellants to renew it, if so advised, upon a proper showing and notice to the attorney general.