## STATE v. HARRY WILSON.[1]

December 14, 1951.

No. 35,741.

*Roy K. Redetzke* and *G. L. Dosland*, for appellant.

*J. A. A. Burnquist*, Attorney General, *Lowell J. Grady*, Assistant Attorney General, and *Vance N. Thysell*, County Attorney, for the State.

PER CURIAM.

Defendant was convicted of the crime of rape on November 23, 1951. The trial court set December 15, 1951, as the date for the imposition of sentence. In the meantime, defendant has perfected his appeal to this court from an order denying his motion for judgment notwithstanding the verdict or for a new trial. He is at liberty under an appeal bond in the sum of $5,000, conditioned upon his appearance "before the District Court of the County of Clay and State of Minnesota, on the 8th day of December, A. D. 1951, at the Court House in the City of Moorhead, in said County and from day to day thereafter as the District Court may direct, to receive the sentence of said Court upon said verdict and shall not depart the Court without leave and shall abide the final order and sentence of the Court in the premises."

On his verified petition, defendant has applied for an order staying the imposition of sentence and that he be admitted to bail pending the determination of his appeal. His petition sets forth facts showing that he has ordered a transcript of the testimony of the case, but that he has been unable to procure it because of lack of time on the part of the court reporter to furnish the same. He sets forth the grounds upon which he relies for a reversal, following the rule announced in State v. Russell, 159 Minn. 290, 199 N. W. 750. The grounds set forth in his petition are such as to present a meritorious appeal.

[1]Reported in 50 N. W. (2d) 706.

It is therefore ordered that further proceedings be stayed in the trial court, including the imposition of sentence, and that defendant be admitted to bail upon filing his recognizance in the sum of $5,000 conditioned upon his appearance before the district court of Clay county, Minnesota, when duly summoned to so appear, and to abide the further orders of this court, with sureties to be approved by a judge of the district court of Clay county, Minnesota.