STATE v. JOHN BRUCE MORRISSEY.

108 N. W. (2d) 10.

March 3, 1961—No. 38,246.

*John Bruce Morrissey,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant was convicted of burglary on May 28, 1959, and was sentenced on June 4, 1959, to the custody of the Youth Conservation Commis-

sion for an indeterminate term. On July 25, 1960, defendant applied to the clerk of district court for a transcript of his trial. On August 19, 1960, the district court denied the application on the grounds that there was no proceeding then pending before the supreme court and that the district court was therefore without authority to provide a transcript to defendant pursuant to the provisions of Minn. St. 611.07. On September 4, 1960, defendant filed a "Notice of Appeal" referring to an "order of judgment dated August 30, 1960." On February 1, 1961, the state filed a motion to dismiss the appeal which now brings the matter before this court.

Under Minnesota statutes a defendant may secure review of a criminal case by the supreme court by appeal or writ of error by filing a notice of appeal within 6 months after the date of judgment or after the date of the decision of a motion denying a new trial. § 632.01. If a notice of appeal is filed more than 6 months after the date of judgment or order denying a new trial, this court has no jurisdiction to review the case.

A transcript needed for presenting errors upon appellate review may be provided for indigent defendants under § 611.07, but only when there is a case pending in the supreme court. Since defendant took no appeal to the supreme court within the 6 months' statutory period, the district court had no authority to order the provision of a transcript for defendant herein. Defendant cannot, by appealing from the order denying him a transcript, extend the 6 months' period within which he may secure a review of his case. Accordingly, it is self-evident that there is nothing for this court to review, and it is futile to have further proceedings in this matter. Accordingly, the motion to dismiss the appeal is granted.

Appeal dismissed.