STATE EX REL. NORMAN J. MASTRIAN v. RALPH H. TAHASH.

152 N. W. (2d) 786.

July 28, 1967—No. 40,797.

*John A. Cochrane* and *Douglas W. Thomson,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, *David J. Byron,* Special Assistant Attorney General, and *William B. Randall,* Ramsey County Attorney, for respondent, warden of State Prison.

PETERSON, JUSTICE.

Relator, Norman J. Mastrian, is confined in the State Penitentiary under a life sentence for murder in the first degree. He was indicted for that crime by the grand jury of Ramsey County on May 8, 1963, but the trial took place in the District Court of St. Louis County in response to relator's application for change of venue. Relator was convicted, upon a jury's verdict of guilty, on April 10, 1964, and on May 5, 1964, he made timely appeal from the judgment of conviction. Regrettably, however, a long delay has occurred in perfecting the appeal because the trial transcript was not completed until May 17, 1967.

Relator, some months prior to May 17, 1967, petitioned the District Court of Washington County for a writ of habeas corpus, demanding his immediate release from imprisonment on the ground that the extraordinary delay in completion of the trial transcript violated his rights under the Sixth and Fourteenth Amendments to the Federal Constitution. The writ was discharged by the district court on February 15, 1967, after an evidentiary hearing. Relator promptly appealed to this court from the order discharging the writ. We advanced this matter for hearing upon the representation of counsel for relator to the chief justice in chambers that the real objective of these proceedings was simply to expedite the completion of the transcript, which this court was prepared to do.

This case is in a real sense moot for relator has achieved his real ob-

jective of procuring a free transcript so that he may now proceed with the appeal from his conviction. Nevertheless, relator now presses a claim for reversal of that conviction or for a new trial without regard to the merits of his conviction. He asserts that the mere fact of long delay in availability of the trial transcript has constituted a denial of his right to due process and equal protection of the laws guaranteed by the Fourteenth Amendment. He argues additionally that appellate review is "an integral part of the trial system for finally adjudicating the guilt or innocence of a defendant" and that delay in appellate review is "tantamount to a denial of a speedy trial within the penumbra of the Sixth Amendment." While we do not condone the delay that has occurred, we conclude that relator's claim is groundless.

The delay in completion of the trial transcript was the result of a number of circumstances peculiar to this case, none of which were the product of deliberate design or purpose of hindering or harassing relator. Although a defendant should not be made to suffer from the exercise of his right to a change of venue, the delay was attributable in substantial part to practical problems of court administration resulting from it, which were not readily resolved. Time was required to resolve intercounty responsibilities for making a free transcript available to relator. Another problem was the unavailability of regular time for the court reporter to transcribe his notes due to the heavy court calendar of the judge to whom that reporter was regularly assigned, so that transcription was accomplished on an overtime basis. Yet another problem was the sheer volume of the transcript, amounting to some 6,000 pages, requiring a considerable amount of time for transcription in any event. Thus, while some of this regrettable delay was due to circumstances incident to the change of venue for relator's trial, some was due to circumstances that probably would have resulted in delay for any person, indigent or not, who was tried at that particular time in that particular county. Nothing, it must be repeated, would indicate that it was the result of any callous indifference or deliberate purpose either to delay or deny relator's appeal to this court.

Relator's assertion of Fourteenth Amendment rights, we observe at the outset, are more solidly grounded than are his asserted rights under the Sixth Amendment. Relator himself acknowledges that the latter argu-

ment is at most penumbral. No decision of the United States Supreme Court has yet held that the right to a speedy trial includes the right to speedy appellate review within the sense of the Sixth Amendment. Mr. Justice Harlan wrote, although in a different context, "It would be painting with too broad a brush to conclude that * * * an appeal is just like a trial." [1] As Mr. Justice Frankfurter observed even earlier, there is no constitutional requirement that a state afford any review of criminal judgments.[2] However, it cannot be doubted that once a state provides for appellate review, either the due process clause or the equal protection clause of the Constitution, or both, require that the appellate process be equally available to all defendants, rich or poor—and, if the state requires it as essential to affording adequate and effective appellate review, a free stenographic transcript of the trial must be provided. Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. ed. 891, 55 A. L. R. (2d) 1055.[3]

Although, as we have said, the delay encountered by relator was unfortunate, we cannot say that it was unreasonable or oppressive in a constitutional sense. Whether or not his rights were grounded on either the Sixth or Fourteenth Amendment, those rights are necessarily relative and are consistent with delays that are neither purposeful nor oppressive. United States v. Ewell, 383 U. S. 116, 86 S. Ct. 773, 15 L. ed. (2d) 627; Pollard v. United States, 352 U. S. 354, 77 S. Ct. 481, 1 L. ed. (2d) 393. Moreover, even if we were to say that relator's constitutional rights were infringed by this delay, the remedy is in correction of the error and not in a reversal of his conviction or his discharge from confinement. Pollard v. United States, *supra;* Case v. Nebraska, 381 U. S. 336, 85 S. Ct. 1486, 14 L. ed. (2d) 422. What relator rightly seeks is adequate and effective

---

[1] Douglas v. California, 372 U. S. 353, 365, 83 S. Ct. 814, 821, 9 L. ed. (2d) 811, 819 (dissenting opinion).

[2] Griffin v. Illinois, 351 U. S. 12, 21, 76 S. Ct. 585, 592, 100 L. ed. 891, 900, 55 A. L. R. (2d) 1055, 1062 (concurring opinion). See, also, McKane v. Durston, 153 U. S. 684, 14 S. Ct. 913, 38 L. ed. 867.

[3] See, also, Burns v. Ohio, 360 U. S. 252, 79 S. Ct. 1164, 3 L. ed. (2d) 1209; Smith v. Bennett, 365 U. S. 708, 81 S. Ct. 895, 6 L. ed. (2d) 39; Lane v. Brown, 372 U. S. 477, 83 S. Ct. 768, 9 L. ed. (2d) 892; Draper v. Washington, 372 U. S. 487, 83 S. Ct. 774, 9 L. ed. (2d) 899. Compare, Norvell v. Illinois, 373 U. S. 420, 83 S. Ct. 1366, 10 L. ed. (2d) 456.

appellate review upon the merits of his original conviction, and that he will now have.[4]

A discharge from confinement is appropriate only where justice would otherwise be totally denied. Dowd v. United States, 340 U. S. 206, 71 S. Ct. 262, 95 L. ed. 215, 19 A. L. R. (2d) 784.[5] The Dowd case arose on a habeas corpus proceeding where, pursuant to prison rules, the warden of the penitentiary prevented the prisoner from filing proper appeal papers within the 6-month period allowed for appeals as of right under Indiana law. The United States Supreme Court held that a discriminatory *denial* of the statutory right of appeal is a violation of the equal protection clause of the Fourteenth Amendment, but the remedy required was that the state afford the prisoner the full appellate review which he would have received but for the suppression of his papers—and only failing such review would the prisoner be discharged.[6] See, also, State ex rel. Danielsen v. Tahash, 273 Minn. 286, 141 N. W. (2d) 390.

As a postscript in oral argument, relator asked that he be admitted to bail pending final determination of his appeal. Application for bail is not appropriately raised for the first time on appeal. State v. Russell, 159 Minn. 290, 199 N. W. 750. Moreover, relator, now appearing as an indigent, was unable to meet reasonable bail requirements fixed by

---

[4] We are informed on oral argument that only one copy of the transcript has been provided, but this should not inhibit prompt proceedings upon the appeal. Relator may apply to this court for whatever order may be necessary to expedite his appeal without the necessity of multiple reproduction of the transcript or any other matters constituting essentially mechanical problems in processing the appeal.

[5] See, also, Cochran v. Kansas, 316 U. S. 255, 62 S. Ct. 1068, 86 L. ed. 1453; In re Bonner, 151 U. S. 242, 14 S. Ct. 1146, 38 L. ed. 149.

[6] The decisions cited by relator which granted discharge or a new trial where state action totally prevented appellate review due to expiration of the statutory time limitations in which to perfect appeals are plainly not in point. Cochran v. Kansas, *supra;* Mitchell v. North Carolina (E. D. N. C.) 247 F. Supp. 139; Russell v. State ex rel. Arthur (Tenn.) 401 S. W. (2d) 586; State ex rel. Kennedy v. Boles, 150 W. Va. 504, 147 S. E. (2d) 391; Cook v. State, 231 Ind. 695, 97 N. E. (2d) 625, 110 N. E. (2d) 749. But cf. State ex rel. Thompson v. Boles (W. Va.) 151 S. E. (2d) 112; State ex rel. Tune v. Thompson (W. Va.) 151 S. E. (2d) 732.

314

the trial court even prior to his conviction. State v. Mastrian, 266 Minn. 58, 122 N. W. (2d) 621, certiorari denied, 375 U. S. 942, 84 S. Ct. 349, 11 L. ed. (2d) 274. Because relator presently stands sentenced to life imprisonment under a conviction for murder in the first degree, admission to bail does not at this time commend itself either to the interests of justice or to the safety of the community. United States ex rel. Estabrook v. Otis (8 Cir.) 18 F. (2d) 689; Carbo v. United States, 369 U. S. 868, 82 S. Ct. 662, 7 L. ed. (2d) 769. Relator's request for bail is accordingly denied.

Affirmed.