## STATE v. JOHN PARKER.

153 N. W. (2d) 264.

September 8, 1967—No. 41,000.

---

*C. Paul Jones,* State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

PETERSON, JUSTICE.

The question presented by the state's motion to dismiss the criminal appeal of defendant is whether a notice of appeal mailed to the attorney general on the last day of the statutory period for appeal [1] is such timely service as will invoke the jurisdiction of this court.[2] Although a question of importance in criminal procedure, it has not been raised for decision until now.

The procedural setting giving rise to the question is simple and undisputed. Defendant was adjudged convicted of aggravated robbery in the District Court of Hennepin County on January 10, 1967. On July 10, 1967, the last day of the 6-month period for removal of criminal cases to this court, defendant mailed the notice of appeal to the attorney general of the State of Minnesota. The notice was received by the attorney general the next day, which was more than 6 months after the judgment of conviction.

---

[1] Minn. St. 632.01 provides: "Criminal cases may be removed by the defendant to the supreme court, by appeal or writ of error, at any time within six months after judgment, * * *."

[2] Section 632.02 provides: "* * * Notice of the appeal and the order staying proceedings, if any, shall be *filed* with the clerk of the court where the judgment is entered, and *served* on the attorney general." (Italics supplied.)

■ It is fundamental that the right of appeal is purely statutory and that the statutory requirements of filing and service are jurisdictional.[3] This court has no power to extend the statutory time for appeal. The court does have the power, of course, to construe the words of the statute itself, and such construction is necessary to disposition of the present motion.

■ The first relevant requirement of the statute is that the notice of appeal shall be timely *filed* with the clerk of court where the judgment is entered. The meaning of the term "filed" is plain and means that the notice must actually be received by the clerk within 6 months after judgment.[4]

■ The second relevant requirement of the statute is that the notice of appeal shall be timely *served* on the attorney general. The meaning of the term "served" is not so plain, and requires judicial construction. We construe it to mean that service is effective upon mailing, so that a notice of appeal mailed to the attorney general within 6 months after judgment complies with the statutory requirement. As this court indicated in State ex rel. Danielsen v. Tahash,[5] we should not give so narrow a construction of procedural rules as would deny a convicted defendant his right to appeal. Although the precise question was not squarely in issue in that case, it appears inferentially that the fact of mailing the notice of appeal to the attorney general within the proper time was the important act in establishing compliance with the statutory requirement.[6]

---

[3] State v. Morrissey, 259 Minn. 563, 108 N. W. (2d) 10; State ex rel. Williams v. County of Hennepin, 252 Minn. 330, 89 N. W. (2d) 907; State v. Cage, 264 Minn. 196, 117 N. W. (2d) 919; State v. Newman, 188 Minn. 461, 247 N. W. 576; State ex rel. Danielsen v. Tahash, 273 Minn. 286, 141 N. W. (2d) 390.

[4] See, 24A C. J. S., Criminal Law, § 1711(2), p. 57, and the extensive citation of cases in 16A Wd. & Phr. (Perm. ed.) pp. 103 to 111, 148 to 153.

[5] 273 Minn. 286, 289, 141 N. W. (2d) 390, 392.

[6] The Danielsen case does not contain a like inference with respect to filing the notice of appeal, for there the evidence indicated that the mailed notice to the clerk was actually received well within the 6-month period and that the failure timely to file was the sole result of clerical error of the clerk.

This construction of the statutory requirement corresponds with the procedure provided in civil cases.[7]

■ The motion to dismiss the appeal on the sole ground that the defendant's notice of appeal was not timely served upon the attorney general must be denied, but without prejudice to the consideration of any subsequent motion to dismiss on other grounds of noncompliance with the statutes governing criminal appeals.[8]

Motion denied.

---

[7] See, Rules of Civil Procedure, Rules 5.01 and 5.02.

[8] Although the state's motion made no point as to untimely filing of the notice of appeal with the clerk of district court, it appears affirmatively from defendant's affidavit of service and the memorandum of the state public defender that the notice of appeal was *mailed* to the clerk of district court on July 10, 1967, the last day of the statutory period for appeal. Despite the probability that the notice of appeal was not received for filing, nor filed, within the statutory period, nothing in the present motion papers states the date of filing and we indulge no present assumption as to what may be the fact.