# CITY OF ST. PAUL v. RICHARD DEAN WIPLINGER.

186 N. W. (2d) 540.

April 2, 1971—No. 42365.

*Douglas W. Thomson, John R. Wylde, Jr.,* and *Jack S. Nordby,* for appellant.

*Warren Spannaus,* Attorney General, *Daniel A. Klas,* Corporation Counsel, and *Thomas M. Mooney* and *Daniel L. Ficker,* Assistant Corporation Counsel, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Odden, JJ. Reconsidered and decided en banc.

NELSON, JUSTICE.

Appeal from an order of the Ramsey County District Court dismissing defendant-appellant Richard Dean Wiplinger's appeal to the district court following his conviction in St. Paul municipal court of disorderly conduct in violation of St. Paul Legislative Code, § 469.02. Defendant was convicted on August

25, 1969, and he thereupon appealed to the district court for a trial de novo. On December 17, 1969, the date set for trial in district court, the city attorney moved to dismiss the appeal on the ground that it was not timely because notice of appeal was not received by the county attorney of Ramsey County until September 5, 1969, the 11th day after conviction.

Minn. St. 633.20 is the applicable statute governing appeals of ordinance violations to the district court under the authority of the St. Paul Municipal Court Act, Minn. St. 488A.18, subd. 12. Section 633.20 requires that the notice of appeal to the district court from a criminal conviction in justice court be served within 10 days on the county attorney or, if there is no county attorney or he is absent from the county, on the clerk of district court. Defendant's affidavit of service indicated that the notice of appeal had been mailed to the Ramsey County attorney on September 4, 1969, the 10th day. In support of its motion to dismiss, the prosecution offered the copy served upon the county attorney, the date stamped thereon indicating the notice of appeal was received by him September 5, 1969, that is, the 11th day, at approximately 2 p. m.

Defendant argues that the date-time stamp applied in the county attorney's office was hearsay and not good evidence of the day of receipt; and that under Rule 5.02, Rules of Civil Procedure, and Rule 5.02, Municipal Court Rules of Civil Procedure, service is complete upon mailing and was therefore complete upon September 4 and timely. The district court granted the prosecution's motion and dismissed the appeal.

The issue before this court is whether upon an appeal to the district court for a trial de novo, after a conviction of a violation of a municipal ordinance, Minn. St. 633.20 requires that the notice of appeal be actually received by the county attorney or, if there is no county attorney or he is absent from the county, by the clerk of district court within the 10-day period allowed by that statute.

Minn. St. 633.20 reads as follows:

"Any person convicted of a criminal offense by a justice, whether on a plea of guilty or on a plea of not guilty, and whether or not the fine has been paid, may appeal to the district court within ten days after the conviction by:

"Entering into a recognizance * * *;

"and by serving a notice upon the county attorney or, if there is no county attorney or he is absent from the county, upon the clerk of the district court specifying the grounds of the appeal as follows: That the appeal is taken upon questions of law alone or upon questions of law and fact."

The statute is silent as to the mode of service of notice of appeal on the county attorney. This court has assumed that personal service was contemplated under § 633.20. However, even where personal service is required by a statute, we have long held that, where service is made by mail and actually reaches the party to be served within the 10-day period, it is equivalent to personal service. Thus, in State v. Pierce, 257 Minn. 114, 100 N. W. (2d) 137, it was held that where notice of appeal from a conviction of an offense in justice court was mailed to the county attorney and actually received by him within the 10 days allowed by statute for appeal, such service by mail was equivalent to personal service and was sufficient compliance with the statute.

In the instant case, however, the mailed notice reached the county attorney's office one day late and thus did not arrive within the statutory time for appeal. In the absence of a statute authorizing service by mail, the notice of appeal required by § 633.20 upon an appeal from a conviction of a violation of a municipal ordinance must be actually received by the county attorney or, if there is no county attorney or he is absent from the county, by the clerk of the district court within the 10-day period required by that statute. Rule 5.02, Rules of Civil Procedure, and Rule 5.02, Municipal Court Rules of Civil Procedure, are not applicable to district court appeals under § 633.20. See, Rule 1, Rules of Civil Procedure, and Rule 1, Municipal Court Rules of Civil Procedure.

While State v. Parker, 278 Minn. 53, 153 N. W. (2d) 264, has has not been cited or referred to in the briefs herein, members of this court have suggested that we must consider whether it is controlling in the disposition of this appeal. The Parker case deals with §§ 632.01 and 632.02, providing for appeals and writs of error in removing criminal cases from district court to the supreme court. Section 632.01 provides in part:

"Criminal cases may be removed by the defendant to the supreme court by appeal or writ of error, at any time within six months after judgment * * *."

Section 632.02 provides in part:

"* * * Notice of the appeal and the order staying proceedings, if any, shall be filed with the clerk of the court where the judgment is entered, and served on the attorney general."

In Parker, defendant mailed a copy of the notice of appeal to the attorney general on the last day of the 6-month period. It was thus received by the attorney general one day after the expiration of the time for appeal. The state moved to dismiss the appeal for that reason, but we refused to do so. We recognized that the right of appeal is purely statutory, that the statutory requirements of filing and service are jurisdictional, that we have no power to extend the statutory time for appeal, and that it would, of course, be necessary that the notice of appeal be timely filed within 6 months after the entry of judgment as required by statute. However, we construed the word "served" as used in § 632.02 to mean that service is effective upon mailing. Since the state's motion to dismiss in Parker was made on the sole ground that the defendant's notice of appeal was not timely served upon the attorney general, this motion was denied without prejudice to the consideration of any subsequent motion to dismiss on other grounds of noncompliance with the statutes governing criminal appeals.

As indicated above, the timeliness of the filing of the original notice of appeal in the clerk's office was not an issue. In deter-

mining the meaning of "served" as used in § 632.02, the requirement of that section that the notice of appeal be both "filed" and "served" permitted us to construe served to mean that service was effective upon mailing. Section 633.20, however, states that the notice of appeal must be "served" on the county attorney or, if there is no county attorney or he is absent from the county, on the clerk of court, within 10 days and says nothing about its being filed. In view of the time requirement, we think served as used in this statute must be construed to require that the notice of appeal actually be received by the county attorney, or the clerk of district court if there is no county attorney or he is absent from the county, within 10 days after conviction, just as "filed" as used in § 632.02 requires that the notice of appeal must be actually received by the clerk of court within the 6-month period prescribed in § 632.01.

This decision does not imply disagreement with the conclusion reached in the Parker case. We simply hold here that in the absence of a statute authorizing service by mail the notice of appeal required by § 633.20 upon an appeal from a conviction of a violation of a municipal ordinance must be actually received by the county attorney or, if there is no county attorney or he is absent from the county, by the clerk of the district court within the 10-day period required by that section.

Affirmed.

PETERSON, JUSTICE (concurring specially).

The strict rule stated in the opinion of Mr. Justice Nelson is less liberal than the rule of State v. Parker, 278 Minn. 53, 153 N. W. (2d) 264. Uniformity of procedural rules is as important as the rule itself; so rather than undertake a needless distinction, I would prefer to overrule Parker. The prejudice to appellant from the application of a stricter rule is minimized by the fact that he had not relied upon Parker, for he was unaware of it. I accordingly concur in the result.

OTIS, JUSTICE (concurring specially).

I join in the concurring opinion of Mr. Justice Peterson.

KELLY, JUSTICE (concurring specially).

I concur in the result but am of the opinion that the distinction made between this case and State v. Parker, 278 Minn. 53, 153 N. W. (2d) 264, is one without any real difference.