302 So.2d 880 (1974)
STATE of Louisiana
v.
Theodore Earl LANE.
No. 54728.
Supreme Court of Louisiana.
October 11, 1974.
*882 Barry F. Viosca, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant, Theodore Earl Lane, appeals his conviction and sentence to serve twelve years in the Louisiana State Penitentiary for the armed robbery of Jo Ann Bourgeois, committed on April 12, 1970 at the Peniston Bar located on the corner of Peniston and Magazine Streets in the City of New Orleans. Defendant relies upon eight bills of exceptions to obtain a reversal of his conviction and sentence.
On the night of the robbery, two officers of the New Orleans Police Department (Sergeant Frederick Williams and Detective Daniel Dunn) observed two black males acting in a suspicious manner in the vicinity of the Peniston Bar. Their actions consisted of looking in the glass windows of the bar and darting into the shadows at the approach of cars. Suspecting that a robbery might be committed, the officers summoned assistance from other police units. On arrival, these other officers were placed in strategic positions. The officers then observed the two black men put handkerchiefs over the lower portion of their faces. One took a gun from under his shirt. They entered the Peniston Bar where they committed an armed robbery. As the men exited, the handkerchiefs were removed. The officers called to the men to halt; they refused. Gunfire was exchanged in the chase that followed. One of the robbers, Charles Jackson, was apprehended by the officers. The other was wounded and escaped. The robbers were clearly seen by the police officers before, during and after the robbery. Charles Jackson supplied the name of defendant herein. Later, defendant was arrested at the home of his girl friend, Gloria Lee.

BILL OF EXCEPTIONS NO. 1
It is difficult to understand the basis of Bill of Exceptions No. 1. The bill itself recites that objection was made to the identification of defendant during trial and on the hearing of a motion to suppress the identification. No motion to suppress is to be found in the record.[1] Furthermore, when the police officers testified at trial that they clearly saw defendant on the night of the robbery and identified him, no objection was made.
The contention now made in brief filed in this Court is that "defendant was viewed under circumstances which suggested that defendant was the perpetrator of the crime, 14th Amendment, United States Constitution, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, [, 18 L.Ed.2d 1149.]" No factual foundation for this contention is stated. Thus, we are unable to ascertain the basis for this bill.
The per curiam to this bill does state that the bill was reserved when the court denied defendant's motion to suppress the identification of the defendant "at a preliminary contradictory hearing." However, as previously indicated, these proceedings, and the motion so filed, do not appear in the record. Furthermore, no objection was made (as also heretofore noted) to the identification of defendant by the police officers during the course of the trial.
In any event, under the present facts, the totality of the surrounding circumstances *883 shows by clear and convincing evidence that the police officers' in-court identifications were based upon their observations of defendant before the crime, during the crime and after the crime. Consequently, there is no merit to this bill. See State v. Newman, 283 So.2d 756 (La. 1973); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971).

BILL OF EXCEPTIONS NO. 2
This bill was reserved during the interrogation of Detective John R. Laper, one of the arresting officers. It is urged in this bill that the trial court allowed this officer to testify, over defense counsel's objection, as to a certain inculpatory statement made by defendant at the time of his arrest. Objection is that the inculpatory statement made by defendant was subsequent to the illegal entry made by the police to effectuate the arrest and that this constitutes reversible error. Counsel for defendant concedes that, if the arrest of defendant was valid, the inculpatory statement made thereafter would be admissible.
Detective Laper testified that during the course of the investigation, following the armed robbery and shoot-out with the police, the name of Theodore Lane, defendant herein, came up as one of the perpetrators of the armed robbery. Laper and his partner were assigned to several residences defendant was known to frequent in order to apprehend him. About 3:30 a. m. on April 12, 1970, these officers went to 1819 Baronne Street. They were acting on information that this was the house of defendant's girl friend, Gloria Lee. Laper talked to Miss Lee, and she stated that Lane was not there at that time. The officers left and returned about 4:00 a.m. in the morning. A stakeout was then set up. About 5:00 in the morning, a subject fitting the description of defendant was seen by the officers entering this residence. The officers moved their vehicle up to a position in front of the residence to cover it. At this point, Gloria Lee came out and started walking up the street. The officers identified themselves and asked if Theodore Lane was in the house at this time. Gloria replied that he was and that he was hurt.
According to Laper (but denied by Gloria), he asked Gloria to accompany him back to the residence. She complied. He then asked her to step aside, and with his gun drawn, opened the door and observed the defendant Lane sitting in a chair. Laper entered the apartment, placed defendant under arrest and advised him of his rights. Laper then was asked if defendant told him anything. He replied that he did. Objection was then made. The objection was overruled and, thereafter, Laper testified that without threats, promises, inducement or coercion, defendant stated that he was involved in the armed robbery and had shot at the police in trying to escape. Defendant was bleeding. He was later taken to the hospital by a police unit.
Defendant argues in this Court that the manner of his arrest was in violation of his Fourth Amendment rights to be free from unreasonable search and seizure; that in making the arrest, the police acted in disregard of the Louisiana statute which prohibits the use of forcible entry to effectuate an arrest unless the officer has first announced his authority and purpose, and subsequently is refused or otherwise obstructed from admittance, citing Article 224 C.Cr.P. and Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968).
In view of the fact that the arresting officers announced their authority and purpose to Gloria Lee in whose apartment defendant was hiding and their subsequent opening of the unlocked door without her objection, it is doubtful that this could be considered a forcible entry. Nevertheless, a police officer need not announce his authority and purpose when to do so would imperil the arrest.
*884 Entry and arrest were held legal even though the officers did not announce their presence in State v. Christiana, 249 La. 247, 186 So.2d 580 (1966), cert. den. 385 U.S. 835, 87 S.Ct. 77, 17 L.Ed.2d 68, where officers had reason to fear that announcement would create grave peril and would give the suspected armed robber time to dispose of or hide the stolen money and the gun and to escape through the rear door.
Furthermore, Article 224 C.Cr.P. clearly provides: "* * * The peace officer need not announce his authority and purpose when to do so would imperil the arrest." The test in each instance is the exigency of the circumstances. Lane shot at the police officers at the scene of the robbery. He had successfully eluded capture at that time. He had been seen by the officers entering the residence, and the officers had been informed by Gloria Lee that he was in the apartment and wounded. Announcement by the officers of their presence would not only have placed them in grave peril but would also have given Lane another chance to escape. Thus, even if this constituted a forcible entry, it was justified under the circumstances of the case. Likewise, there was probable cause for the arrest of Lane. The officers were in possession of facts and circumstances within their knowledge which reasonably led to the belief that defendant had committed the armed robbery at the Peniston Bar.
Consequently, the entry and almost simultaneous arrest of defendant were legal. Inasmuch as the officers' entry and subsequent arrest were legal, the ensuing statement made by defendant, after being advised of his rights, was admissible.
The Sabbath case, relied upon by the defendant, is distinguishable. The following excerpt from that opinion demonstrates the distinction: "* * * this record does not reveal any substantial basis for excusing the failure of the agents here to announce their authority and purpose. The agents had no basis for assuming petitioner was armed or might resist arrest, or that Jones was in any danger. Nor, as to the former, did the agents make any independent investigation of petitioner prior to setting the stage for his arrest with the narcotics in his possession."
For the foregoing reasons, Bill of Exceptions No. 2 is without merit.

BILLS OF EXCEPTIONS NOS. 3, 4 and 5
These bills arose during the questioning of the State witness, Officer Charles Faught, one of the arresting officers.
Bill of Exceptions No. 3 was taken to the denial of a motion for mistrial made following Officer Faught's testimony that Detective Laper asked defendant, after arresting him and advising him of his Miranda rights, how he had been injured. Counsel for defendant sought to establish that the question asked of the accused by Laper was not how he had been injured, but, rather, whether he had been involved in an armed robbery. When Officer Faught steadfastly testified that to the best of his recollection the question dealt with defendant's injuries and not his involvement in the robbery, defense counsel moved for a mistrial. The objection in the bill recites:
"WHEREAS, defendant through counsel moved for a mistrial based on the testimony of the witness, Charles B. Faught in that the defendant had not been advised of his rights as required by law and certain inculpatory statements were made after being questioned by the police officer and that there were inconsistent statements made by the witness."
First, the objection insofar as defendant had not been advised of his rights before making certain inculpatory statements is without merit. Both officers testified, without contradiction, that the accused was fully advised of his Miranda rights previous to the time any inquiry was made by the police officer. Accordingly, *885 any answer, whether in response to interrogation concerning his injury or participation in the robbery, was admissible and not subject to exclusion. Additionally, there is no substance to the contention that a mistrial should be granted because of "inconsistent statements made by the witness." Officer Faught was steadfast in his assertion that the question propounded by his partner dealt with the injury of the defendant and not his participation in the robbery. Hence, there was no ground for impeachment of this witness. Furthermore, any variance in his testimony with that of Detective Laper in regard to the question asked of the defendant by Laper addresses itself to the credence of this witness as compared with that of Detective Laper. This is a matter for the jury to decide.
The brief of defense counsel filed in this Court states that Bill of Exceptions No. 3 was reserved after several "statements" made by the district attorney during the trial constituted prejudicial conduct which made it impossible for the defendant to obtain a fair trial.
The record does not bear out this assertion. No objection was made to any statement made by the district attorney. Counsel does not state what "statements" were made that were objectionable.
Bill of Exceptions No. 3 is without merit.
Bill of Exceptions No. 4 was reserved to the overruling of a motion for mistrial made by defendant after the court made a comment concerning its ruling on the testimony elicited from Officer Charles Faught.
Bill of Exceptions No. 5 was taken when the trial court refused the request of defense counsel for production of the police report.
These bills arose in the following context. Officer Faught testified that the only question he remembered his partner Laper asking defendant at the time of the arrest was how the accused had been injured. He was steadfast in his testimony that he did not recall any other. The witness admitted that he had made a report which he had consulted prior to trial. When asked if it would assist him in recalling whether other statements had been made, he replied in the negative. He did not consider consulting his report necessary since he did not recall any other statement than the one to which he had previously testified. Thereafter, counsel for defendant moved to make the report available, not in its entirety, but in its content, relying upon the Jencks Act. The State pointed out that this is not the law of Louisiana. The trial judge, in overruling the motion then stated:
"I'm going to overrule it, anyway. We can put it in the record that the witness has clearly indicated that he does recall having read the statement."
Defendant then moved for a mistrial "on the Court's comments on what the witness has clearly stated, at this time." The motion was denied.
Judicial comment on the facts or evidence in the presence of the jury is prohibited by Article 772 C.Cr.P. However, remarks made by the trial judge in the jury's presence giving reasons for admitting or excluding evidence or stating the purpose for which evidence is offered or admitted, are not objectionable as comments or expression of an opinion provided they are not unfair and prejudicial to the accused. State v. Hills, 241 La. 345, 129 So.2d 12 (1961), reversed on re-hearing on other grounds; State v. Walker, 204 La. 523, 15 So.2d 874 (1943); State v. Childers, 196 La. 554, 199 So. 640 (1941). The remark made by the trial judge relates only to his reason for excluding the report. Obviously, the use of the word "statement" by the trial judge in his ruling refers to the report of the police officer. In any event, this remark could not be construed as a comment on the facts or evidence nor was it prejudicial to any of defendant's statutory or constitutional rights.
*886 Nor was defendant entitled to a copy of the police report either under the Jencks Act (18 U.S.C.A. § 3500) or under R.S. 15:493. It was held in State v. Gladden, 260 La. 735, 257 So.2d 388 (1972) that the Jencks Act is not applicable to a State court trial. Also, no showing has been made for production of this report under R.S. 15:493, which details the foundation that must be laid for proof of a contradictory statement for impeachment purposes. Officer Faught testified firmly that the only question that was asked Lane at the time of his arrest was: "How did you receive your injuries?" and that he did not recall any other questions except that one. Thus, no foundation was laid showing that the report sought was contrary to his sworn testimony.
Finally, defendant urges that he was entitled to examination of the report under this Court's decision in State v. Tharp, 284 So.2d 536 (La.1973). State v. Tharp is distinguishable. The following statement in the opinion exhibits this distinction:
"We reject the State's argument that this witness was testifying from memory refreshed outside the courtroom prior to taking the stand. The witness stated that his testimony came from his report which he had with him on the stand. * * *" (Emphasis ours)
In the instant case, Officer Faught did not have the report with him when he was testifying. He testified from his memory, refreshed by reading over his report outside the courtroom prior to trial. He stated emphatically that he felt no need to further refresh him memory, as he was certain in his mind concerning what had transpired at the time of the arrest. Hence, Tharp is not controlling here, and the denial of the motion to produce was not error.
Bills of Exceptions Nos. 4 and 5 are without merit.

BILLS OF EXCEPTIONS NOS. 6 and 7
These bills were taken during the rebuttal testimony of two police officers (Sergeant Frederick Williams and Detective Charles Miller). They testified that Charles Jackson (who was arrested at the scene of the crime and entered a plea of guilty to armed robbery) told police, after being advised of his rights, that his partner in the armed robbery of the Peniston Bar was Earl Lane (Theodore Earl Lane). These officers testified that following this statement, Jackson was shown a number of Bureau of Identification photographs from which he selected the picture of this defendant, Lane, as representing his partner. The objection is that Jackson's statement was made out of the presence of defendant.
Charles Jackson took the stand during this trial as a witness for the defense. He testified that his companion in the instant robbery had been known to him only as "Humpty." He denied that the defendant was his companion at the time of the robbery in question.
When Jackson was cross-examined, he admitted that he was interrogated after his arrest, but denied that he had named defendant as his accomplice or that he had identified a picture of defendant. He did admit that he was shown photographs, among which was that of the defendant.
In rebuttal, the State called Sergeant Frederick Williams and Detective Charles Miller.
First, each side has the right to impeach the testimony and the credibility of every witness sworn on behalf of the other side. R.S. 15:486. Likewise, the credibility of a witness may be impeached by a prior contradictory statement. R.S. 15:493. Thus, the testimony of Sergeant Williams and Detective Miller as to the out-of-court statement made by Jackson identifying defendant was clearly admissible.
A somewhat analogous situation was presented in California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). An accused was tried for furnishing marijuana to a minor. The minor had stated to the police officer and testified at the preliminary *887 hearing that the accused was his supplier of marijuana. At trial, the minor testified that he had taken LSD at the time of the alleged crime and was unable to remember how he had obtained the marijuana. The minor's testimony taken at the preliminary hearing was introduced at trial as was the testimony of the officer relating the earlier statement of the minor that the accused had personally delivered the marijuana. The Supreme Court held there was no violation of the Confrontation Clause in the use of this testimony. The opinion states:
"Viewed historically, then, there is good reason to conclude that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination."
The court further observed:
"Second, the inability to cross-examine the witness at the time he made his prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured of full and effective cross-examination at the time of trial. The most successful cross-examination at the time the prior statement was made could hardly hope to accomplish more than has already been accomplished by the fact that the witness is now telling a different, inconsistent story, andin this caseone that is favorable to the defendant. * * *"
In Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), the Supreme Court affirmed its holding in California v. Green. At a joint trial of kidnapping, robbery and vehicle theft, a police officer testified that after the arrest of O'Neil and Runnels, Runnels made an oral statement admitting the crimes and implicating O'Neil as his confederate. Runnels took the stand (he was a co-defendant with O'Neil in this joint trial) and denied making the statement to the officer. Counsel for O'Neil did not cross-examine Runnels. The trial judge instructed the jury that the statement of the officer could be considered only as against Runnels. The court held that the Constitution as construed in Bruton is violated only where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for "full and effective" cross-examination. The opinion concludes:
"We conclude that where a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments."
California v. Green and Nelson v. O'Neil fully support the trial judge's ruling. This is particularly true since in the instant case Jackson was called as a defense witness and testified at trial in favor of defendant. Under these circumstances, defendant has no cause to complain about the lack of confrontation at the time of the out-of-court contradictory statement.
Hence, there is no error in the trial court's ruling.
The contention of defendant that Jackson was not advised of his Miranda rights before making the statement incriminating Lane is not only rebutted by the testimony of these officers, but it is of no moment in this trial of Lane.
These bills lack merit.

BILL OF EXCEPTIONS NO. 8
Bill of Exceptions No. 8 was taken to the overruling of a motion for a new trial which simply recites that the verdict is contrary to the law and the evidence, and the bills reserved during the trial show prejudicial error. This presents nothing for appellate review. State v. Barnard, 287 So.2d 770 (La.1973).
There is a contention made by defendant that he was denied due process of law in not being given a speedy appeal. The constitutional right to a speedy trial *888 does not extend to the appeal. State v. Lagerquist, 254 S.C. 501, 176 S.E.2d 141 (1967); State ex rel. Mastrian v. Tahash, 277 Minn. 309, 152 N.W.2d 786 (1967).
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents with written reasons.
BARHAM, Justice (dissenting).
It is my opinion that the trial court's action in refusing defendant's motion to secure the report consulted by Officer Faugh prior to his trial appearance and testimony was erroneous. Defendant should have been given the opportunity to inspect the report and thereafter question the witness about the occurrences at the time of the arrest if the officer's testimony did not conform to the statements in the report. See State v. Payton, 294 So.2d 211 (La. 1974) (dissent and concurrence).
I respectfully dissent.
NOTES
[1] A motion to suppress is contained in the record, but it was filed on behalf of Charles Jackson and not the present defendant.