STATE of Minnesota, Respondent,

v.

Philip Norbert
KLOSKOWSKI, Appellant.

No. CX–85–1093.

Court of Appeals of Minnesota.

Dec. 10, 1985.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

Philip G. Villaume, Philip G. Villaume & Associates, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE, and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Philip Kloskowski appeals from an order which denied his postconviction petition to withdraw his guilty plea. He contends (1) he did not have effective assistance of counsel when the plea was accepted, and (2) there was insufficient factual basis for the plea. We affirm and dismiss.

## FACTS

On October 21, 1983 in Ramsey County District Court, appellant Philip Kloskowski pleaded not guilty to second degree criminal sexual conduct, first degree intrafamilial sexual abuse, and two counts of second degree sexual criminal abuse. *See* Minn. Stat. §§ 609.343(b), 609.3641, 609.3642 (1984). The alleged victim was appellant's 13-year-old stepdaughter. Trial was scheduled for January 16, 1984.

Kloskowski was then represented by Patrick McGee from the Ramsey County Public Defender's Office. He told McGee several times he was not guilty of the offenses charged, and gave McGee a list of prospective witnesses. McGee tried to interview the victim and did interview appellant's two stepsons, his wife, and a babysitter. Three other witnesses were not contacted.

McGee presented appellant with a plea agreement offered by the prosecutor. Under the plea agreement, he was to plead guilty to one count of second degree intrafamilial sexual abuse with the other charges to be dismissed at sentencing. Kloskowski rejected it but after McGee presented it again on the day of trial, Kloskowski decided to accept. McGee went through the petition to enter a guilty plea with Kloskowski and he signed it.

At the hearing on the petition to enter his guilty plea, Kloskowski was examined by the prosecutor and his attorney. His responses to their leading questions admitted the elements of second degree criminal sexual conduct. Kloskowski was then questioned by the court:

Q. Now, Mr. McGee has been your lawyer, correct?

A. Yes.

Q. Have you had ample opportunity to discuss this matter with him? Has he visited with you and you with him and have you gone over this thing carefully?

A. Yes, we have.

Q. Has he answered your questions and counseled with you and advised you?

A. Yes.

Q. You are satisfied that he has done a good job representing you as a lawyer?

A. Yes.

Q. Now, when you state that you enter a plea of guilty, it is because, in truth and in fact, going over what happened with Mr. McGee, you are satisfied in your own mind that you are guilty of this charge?

A. Yes.

The court then accepted Kloskowski's guilty plea and sentenced him to 26 months with sentence stayed, ten years probation and six months in the Ramsey County Workhouse.

Through his present appeal counsel, appellant moved for an order permitting him to withdraw his guilty plea which was denied on March 15, 1984. The trial court stated:

The only reason that I could set aside this plea of guilty, to vacate it and to allow a trial, would be if I'm convinced that Mr. McGee utterly failed to represent this defendant. The evidence is not sufficient to allow me to do so.

The denial of the motion was appealed to this court and dismissed because it was "from an order denying a motion to vacate a guilty plea which is interlocutory and not directly appealable." [1]

1. Our decision in *State v. Andren,* 350 N.W.2d 404 (Minn.Ct.App.1984) was released during the pendency of that appeal.

On December 4, 1984, Kloskowski moved for postconviction relief alleging:

A. That he was denied his Sixth Amendment right of effective assistance of counsel;

B. That the plea of guilty was not supported by sufficient facts introduced in evidence at the time of the plea; and his resultant conviction and sentence deny him due process;

C. That the Petitioner did not understand the nature and elements of the offense charged and the consequences of the plea, so the plea was not knowingly and intelligently entered;

D. That he is innocent of the offense charged and conviction and sentence of the offense is a denial of due process.

Kloskowski requested he be allowed to withdraw his guilty plea and stand trial. On February 1, 1985, the postconviction court issued an order which said:

Because the matter has been adjudicated and there is no claim that any additional evidence could be submitted, there is no point in proceeding with a hearing. If the petitioner has some sort of motion to make with respect to the terms of the sentence, that may be done. However, the guilty plea will not be allowed to be withdrawn.

On April 30, 1985 the postconviction court was requested to make an order "specifically" denying the petition for postconviction relief. On May 31, 1985, the postconviction court ordered:

the motion for postconviction relief is denied because in the opinion of the Court the petition lacks any substantial or credible evidence to sustain it. The Court is convinced that the plea was entered because the defendant, in truth, was guilty of the charge. He received competent and capable and effective assistance of counsel. There was ample sufficient factual data presented by the defendant's own statements to support the plea, and the defendant thoroughly understood the nature and elements of the offenses charged and the consequences of his plea of guilty. Therefore, the petition is in all respects denied.

Kloskowski appealed this order on June 7, 1985.

## ISSUE

Is the appeal timely?

## ANALYSIS

■ 1. A defendant may not appeal from an order "until final judgment adverse to him has been entered." Minn.R. Crim.P. 28.02, subd. 2(2). In *State v. Parker*, 278 Minn. 53, 153 N.W.2d 264 (1967), the Minnesota Supreme Court stated:

It is fundamental that the right of appeal is purely statutory and that the statutory requirements of filing and service are jurisdictional. This court has no power to extend the statutory time for appeal.

*Id.* at 55, 153 N.W.2d at 266 (footnote omitted). Minn.Stat. § 590.06 (1984) provides:

An appeal may be taken to the court of appeals or, in a case involving a conviction for first degree murder, to the supreme court from the order granting relief or denying the petition within 60 days after the entry of the order.

■ Here the relief Kloskowski sought, the withdrawal of his guilty plea, was denied by the February 1 order. Under the statute, he had 60 days to file notice of appeal from that order. His failure leaves this court without jurisdiction and his appeal must be dismissed. Appellant has predicated his appeal on the order of May 31, 1985 that "specifically" denied his petition. We find the relief requested had already been denied by the earlier order. We cannot countenance a party's efforts to extend the time for appeal by requesting an "order" that denies the very relief the party seeks where relief has previously been denied and the time for appeal has passed. *See State v. Wollan*, 303 N.W.2d 253, 254 (Minn.1981); *City of Rochester v. Stevens*, 300 Minn. 458, 220 N.W.2d 497 (1974).

2. Our review of the record does not persuade us there is good cause for extending the time for filing notice of appeal. Minn.R.Crim.P. 28.02, subd. 4(3). Appellant's issues on appeal are essentially the same raised in his motion of March 15, 1984 (denied by order of the same date), his earlier appeal (dismissed by our order of July 17, 1984, # C3–84–812), and his petition for postconviction relief of December 4, 1985. Kloskowski has had at least one review of his conviction and has not shown he is entitled to another. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). There was sufficient evidence to support the trial court's denial of the petition for postconviction relief.

3. One aspect of this case requires further comment. While we also find a sufficient factual basis in the record to support appellant's conviction, the record is not as complete as it might be. As Justice Rogosheske observed:

> the responsibility for advising and interrogating a defendant in sufficient detail should rest with the trial court. This follows from the fundamental that it is the trial judge's sole and awesome responsibility to determine whether the plea he is being asked to accept is voluntary and that defendant's admissions of the relevant facts and circumstances of his conduct establish that he committed the offense charged or an offense at least as serious as the offense to which he is tendering his plea. * * * A trial judge's detailed advice and interrogation will not only enable him to arrive at an abiding conviction beyond a reasonable doubt that the plea should be accepted and guilt adjudicated but will produce a record supporting his determination in the event of a direct appeal or a subsequent postconviction collateral attack upon the judgment.

*State v. Hoaglund,* 307 Minn. 322, 325–26, 240 N.W.2d 4, 5–6 (1976).

The trial court should not shy from a recitation of the facts merely because the crime charged is repulsive or embarrassing. The better practice is to ask the defendant to relate, in his own words, the factual basis for the guilty plea. Minn.R. Crim.P. 15.01. The trial court should follow the defendant's statements where necessary with direct questions and "avoid the rather common inclination of counsel to elicit these facts by leading questions." *Hoaglund,* 307 Minn. at 326, 240 N.W.2d at 6.

### DECISION

Appellant failed to file a timely appeal from an order denying his request for postconviction relief, however, we find sufficient basis in the record to sustain the denial.

Affirmed and dismissed.